[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Defendant Trusted Security Advisors' Motion To Strike
The plaintiffs, Wolcott Machinery Tool, Inc., Rivet Technology, Inc., Stephen R. Bosco and Jacqueline Bosco, filed a thirteen count complaint on February 9, 2001, against the defendants, Thomas W. CT Page 14818 Thorndike, Complete Financial Services, Inc. and Trusted Securities Advisors Corporation. Subsequently, the plaintiffs filed an amended twenty-four count complaint on June 7, 2001, alleging negligence, reckless and wanton misconduct, breach of fiduciary duty, fraud, a violation of the Connecticut Unfair Trade Practices Act (CUTPA), negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment and slander per se.
The defendant, Trusted Advisors, now moves to strike counts fourteen, fifteen and sixteen (breach of contract) of the plaintiffs' amended complaint on the ground that the plaintiffs fail to allege that Trusted Advisors was a party to the agreement to provide tax advice and prepare the tax returns of Wolcott Machinery Tool, Inc. and Rivet Technology, Inc. Trusted Advisors filed a memorandum in support of its motion and the plaintiffs timely filed a memorandum in opposition. The issues raised are whether the amended complaint contains necessary allegations that the defendant, Thorndike, was acting as Trusted Advisors' agent and, further, if an agency relationship has been properly pleaded, whether a cause of action exists for breach of contract.
"[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Pac v. Southington, Superior Court, judicial district of Litchfield, Docket No. 067026 (December 19, 1996, Dranginis,J.) In this case, the plaintiffs allege that Trusted Advisors "was doing business in Connecticut through one or more of its registered representatives, agents, servants and/or employees." (Amended Complaint, Count One, ¶ 7.) Specifically, the plaintiffs allege that "Thorndike was a registered representative, agent, servant and/or employee of Trusted Advisors who is liable for Thorndike's actions alleged herein as they occurred in the course of his representative capacity, agency, service and/or employment. (Amended Complaint, Count One, ¶ 8.) The plaintiffs further allege that "Thorndike . . . held himself out as being a registered representative of and/or associated with Trusted Advisors, a certified financial planning institution."[1] (Amended Complaint, Count Two, ¶ 12.) In counts fourteen, fifteen and sixteen, the plaintiffs further allege that Thorndike, in the course of his representative capacity, agency, service and/or employment, breached his agreement with each of the named plaintiffs.
In Pac v. Southington, supra, Superior Court, Docket No. 067026, the third party defendant could not prevail in arguing that count one was CT Page 14819 legally insufficient because the third party plaintiff rested "its claim for breach of contract on its status as an agent of the Town without alleging the necessary elements of agency." Id. The court stated that "[a]cts and contracts may be stated according to their legal effect, but in so doing the pleadings should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. . . . The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them." (Internal quotation marks omitted.) Id. The court agreed "that the elements must be proven but [found] no authority to support the claim that the elements must be [pleaded] when the crux of the claim is breach of contract." Id. Further, the court suggested that if the party "was in doubt as to the nature of this claim or the legal theory underlying it, it could have sought a more particular description of the agency relationship by filing a request to revise." Id. The court held, therefore, that "the facts alleged by the third party plaintiff . . . fairly apprise the third party defendant of [the party's] intent to pursue a claim for breach of contract based on agency." Id.; see also Tobin v. Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 333231 (June 17, 1997, Lager, J.) (holding that while the allegations of an agency relationship were minimal, they sufficed to survive a motion to strike)
Further, the courts have held that "[t]he existence of an agency relationship is a question of fact." (Internal quotation marks omitted.)State v. Lawler, 30 Conn. App. 827, 839, 622 A.2d 1040 (1993). "Questions of fact are not properly decided on a motion to strike." Tobin v.Connecticut Housing Finance Authority, supra, Superior Court, Docket No. 333231.
Based on the foregoing, the plaintiffs have alleged, albeit minimally, an agency relationship sufficient to withstand a motion to strike.[2]
Accordingly, Trusted Advisors' motion to strike counts fourteen, fifteen and sixteen of the plaintiffs' amended complaint is denied.
SO ORDERED.
ROBERT L. HOLZBERG, J.